PAUL WAGNER, Appellant, v. ELMER H. ALLEN et al.,
Appellees.

**SPECIFIC PERFORMANCE:** Unconscionable Contract. Specific
performance will not be granted of a contract which is uncon-
scionable because of grossly inflated values in favor of the
plaintiff.

*Appeal from Poweshiek District Court.*—JOHN F. TALBOTT,
Judge.

OCTOBER 25, 1918.

SUIT in equity for specific performance of a contract
for an exchange of lands.  The answer admitted the con-
tract, but denied performance thereof by the plaintiff.  It
further averred a rescission thereof by the defendant for
good cause.  There was a decree dismissing the petition,
and the plaintiff appeals.—*Affirmed.*

*W. J. Vander Ploeg* and *Lewis & Dickson,* for appellant.

*R. J. Smith* and *Thomas J. Bray,* for appellees.

EVANS, J.—The contract in suit was entered into on
November 8, 1915.  By the terms thereof, the plaintiff
agreed to convey to the defendant, on March 1, 1916, a farm
of 320 acres, situated in Warren County, Iowa, and the
defendant agreed to convey to the plaintiff, in exchange, a
farm of 154 acres, in Jasper County, and also a residence
property in the town of Keswick.  Each conveyance was to

be made subject to specified encumbrances. Time was of
the essence. Place of performance was fixed at the bank
in Montezuma. The defendant appeared at such place on
March 1, 1916, and remained there throughout the business
hours of the day. The plaintiff did not appear, but sent to
the bank a deed and abstracts in purported pursuance of
the contract. The deed was materially defective in descrip-
tion of the property, and the abstracts presented showed
materially defective record title, and showed, also, unsatis-
fied mortgages in excess of the encumbrances to be assumed
by the defendant. In this form, they were tendered to the
defendant by the bank officials, and were declined by the
defendant. At the close of the day, the defendant declared
a rescission of the contract, accompanied with certain gen-
eral objections to the abstract of title. At about 8 P. M.;
the plaintiff arrived at the bank, where he called the at-
torney of the defendant by phone, and obtained a con-
ference with him at the bank, which had no result. The
plaintiff offered, in general terms, to fully comply with his
contract, and to remedy any defects in his deed or in his
abstracts which might be pointed out to him. He did not,
however, cause any corrections to be in fact made, either
in the deed or in the abstracts, for at least some months
thereafter. His wife was not present at any time on March
1st, the plaintiff being a nonresident of that county. Some-
time thereafter, the plaintiff took up his own residence up-
on the farm in question, and made valuable improvements
thereon. He also began an action for damages against the
defendant, under a special provision of the contract, which
provided for $5,000 to be paid by either party in the event
of breach of the contract. Later, he amended his petition,
and sought a specific performance, and obtained a transfer
of his cause to the equity side.

The defendant's defense sets forth, not only the default
of the plaintiff in the presentation of his deed and abstracts,

but also that the defendant was induced to sign the contract in question by false representations, which false representations included representations as to value. Many interesting questions are presented in the briefs. For the plaintiff, it is contended that the defendant waived all his defenses except such as were included in the objections made to the abstract of title on the first day of March, when he declared a rescission. For the defendant, it is claimed that the plaintiff waived his right to a specific performance, by his acquiescent conduct, and by electing to prosecute his action for damages. We do not find it necessary to go into these questions. The evidence was such as to justify the court in finding that the valuation put upon plaintiff's 320-acre farm was grossly exaggerated. The valuation fixed in the contract was $130 an acre. The valuation of the defendant's farm was fixed at $175 an acre. The farm of the plaintiff is described as rough land. The defendant was not a resident of Warren County, and was not familiar with values there. The plaintiff had acquired the farm on the first of March preceding. Its purchase price to him was $77.50 per acre. Under the evidence, we are satisfied that the overvaluation put upon it in the contract was not less than $40 an acre. Whether this valuation was agreed to by the defendant by reason of false representations is not a controlling consideration in a specific performance suit. The fact itself gives the contract an unconscionable color. It is argued that the contract was a trading proposition, and that the property of the defendant was also put in at an exaggerated valuation. Even if that be true, we are satisfied from the evidence that the degree of exaggeration was moderate, as compared with that pertaining to the plaintiff's land. Furthermore, if it had been exaggerated to the extent of $40 an acre, the acreage was less than one half of the farm of plaintiff, and it would still leave the plaintiff a large gainer by the inflated price. Manifestly, a court of

equity will not be swift to award the extraordinary and discretionary remedy of specific performance for the enforcement of grossly inflated valuations. The decree of the district court will be—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.